In re IOWA FALLS MFG. CO.

(District Court, N. D. Iowa, Cedar Rapids Division. August 18, 1905.)

No. 471.

BANKRUPTCY—COMMISSIONS OF REFEREE.

> Where mortgaged property of a bankrupt did not come into possession of his trustee nor of the bankruptcy court, and all that was realized therefrom for the estate was a sum received by the trustee in compromise of a suit brought by him against the mortgagee, and the latter did not participate in the proceedings nor avail itself of the services of the court or its officers in realizing on its securities, but foreclosed in the state court, the commissions of the referee are to be computed only on the sum actually disbursed by the trustee to creditors, and not on the value of the mortgaged property.

In Bankruptcy.

REED, District Judge. The referee presents a petition asking what amount of commission he may lawfully charge upon property belonging to the above estate which is being administered before him.

From the facts certified it appears that the principal property of the estate coming to the custody of the trustee is $1,250, received by him upon the compromise and settlement of a suit brought by him against the First National Bank of Iowa Falls to set aside certain mortgages made by the bankrupt to that bank more than four months before the filing of the petition in bankruptcy. The property covered by these mortgages never came to the custody of the trustee nor of the bankruptcy court, but was delivered by the bankrupt to the bank before the petition in bankruptcy was filed, and has remained in the custody of the bank until sold by the sheriff of Hardin county under executions upon decree of foreclosure of the mortgages against the bankrupt in the state court, which foreclosure proceedings were commenced before, but the decrees therein were not rendered until after, the commencement of the bankruptcy proceedings. The trustee, after his appointment as such, did not appear in the proceedings in the state court, but some of the creditors who were parties thereto filed answers contesting the validity of the bank's mortgages and the trial of such issues was stayed by the state court until after the determination of the suit brought by the trustee against the bank as above mentioned. The sale by the sheriff was on October 22, 1904, and the property was bid in by the bank for the sum of $12,500. On that day the trustee commenced the suit against the bank to set aside the decree of foreclosure and the mortgages made by the bankrupt to the bank, and it was upon the compromise and settlement of this suit that the trustee received the $1,250. This compromise was approved by the creditors of the bankrupt estate, and by the terms thereof the trustee was to relinquish, and subsequently did relinquish, to the bank all redemption or other rights of the bankrupt estate in or to the property covered by the mortgages. The bank did not file or prove its claim in the bankruptcy court, and in no manner participated in the proceedings in that court, and did not use the same or the officers thereof as a means of

realizing upon its mortgage securities, but resisted the right of the trustee of the bankrupt estate to the proceeds of the mortgaged property, so that all that was realized by the trustee from the mortgaged property was the $1,250, so received by him upon the compromise of the suit brought against the bank.

Under such circumstances it cannot be said that the mortgaged property or its proceeds, other than the $1,250 (if that can be said to be from such proceeds), will be administered by the court of bankruptcy or disbursed by the trustee to the creditors of the bankrupt estate. The execution by the trustee of the necessary releases to effect the settlement and compromise of the suit is not a disbursement by him of the proceeds of the mortgaged property realized by the sheriff from the sale under the executions from the state court. The inference is that the value of the bankrupt's interest in the mortgaged property was the $1,250 realized upon the compromise and settlement of the trustee's suit. If the bank had come into the bankruptcy court with its claim and securities, and participated in the proceedings in that court and used the same or its officers as a means of realizing upon such securities, a different question would be presented.

The proceeds of the mortgaged property arising from the sale thereof by the sheriff should be excluded from the amount upon which the referee may compute his commissions, and the amount actually disbursed by the trustee to creditors will form the basis of such computation. Section 40, Bankr. Act, as amended. (Act Feb. 5, 1903, c. 487, § 9, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 414]).